UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 13-10022-RGS

UNITED STATES OF AMERICA

v.

RENATO DE LA CRUZ

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO SUPPRESS

May 5, 2014

STEARNS, D.J.

The court, having been made aware of the Supplemental Memorandum of Law filed in support of defendant's Supplemental Motion to Suppress, and having reviewed the authority cited in the Memorandum, sees no reason to reconsider its decision of April 18, 2014, denying the motion to suppress defendant's statements.[1] I offer the following brief comments by way of explanation.

Like the government, I remain unclear as to the physical evidence (other than the Social Security card) that defendant seeks to suppress. With respect to the card, the government concedes that it must be suppressed as the government cannot account for the manner (or by whom) it was taken from defendant. (Defendant does not object in his Motion or Memorandum to the admissibility of the driver's license that he is alleged to have possessed in the

---

[1] The court was also unaware of the Government's response, although it has since reviewed it as well.

name of Alberto Pena).

To the extent that the Motion might be read to seek the suppression of defendant's "body" as the fruit of an illegal arrest, "[t]he 'body' or identity of a defendant . . . in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984); *cf. Hiibel v. Sixth Judicial Dist. Ct. of Nev., Humboldt Cnty.*, 542 U.S. 177, 191 (2004) ("[I]n every criminal case, it is known and must be known who has been arrested and who is being tried"). The court in its original Order (at p. 8 n.4) addressed the issue of the voluntariness of defendant's consent to the entry of the apartment immediately prior to his arrest. The United States Supreme Court's decision in *Bumper v. North Carolina*, 391 U.S. 543, 549-550 (1968), which defendant relies on in his Motion to Reconsider for his "acquiescence to authority" argument, bears no analogy on the facts. Here, unlike in *Bumper*, the agents made no false claim to possess a lawful warrant, nor did they falsely assert a lawful right to search without a warrant.

Finally, the issue of whether defendant was lawfully arrested or not in the apartment has no bearing on the admissibility of the statements he made after being taken into custody. "[T]he rule in *Payton* [*v. New York*, 445 U.S. 573 (1980)] was designed to protect the physical integrity of the home; it was not intended to grant criminal suspects . . . protection for statements made outside their premises where the police have probable cause to arrest the suspect for committing a crime." *New York v. Harris*, 495 U.S. 14, 17 (1990). Nothing in

2

*Payton*, the *Harris* Court stated, suggested that "an arrest in a home without a warrant but with probable cause somehow renders unlawful continued custody of the suspect once he is removed from the house." *Id*. at 18. The attenuation doctrine on which De La Cruz relies, while appropriate in circumstances in which a defendant is being unlawfully detained, has no relevance in the *Harris* context where the detention is lawful once the defendant is removed from his home.[2]

ORDER

For the foregoing reasons, the Motion to Reconsider is *DENIED*.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[2] Defendant does not contest the fact that the agents had probable cause to place him under arrest for identity fraud and for being an alien unlawfully in the United States.