UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 13-10022-RGS

UNITED STATES OF AMERICA

v.

RENATO DE LA CRUZ

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

August 12, 2014

STEARNS, D.J.

Defendant Renato De La Cruz was charged in a two-count Indictment with Aggravated Identity Theft, 18 U.S.C. § 1028A, and Theft of Public Money, 18 U.S.C. § 641. At the close of the government's case-in-chief, De La Cruz moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c), claiming that the government had failed to produce evidence sufficient to warrant his conviction on either of the charged counts. The motion was provisionally denied pending the jury verdict. After being found guilty by the jury on both counts, De La Cruz now renews his motion.

De La Cruz challenges the government's evidence in two respects. First, he maintains that the government failed to prove that he used a "means of identification" belonging to a specified individual, in this case one Alberto

Pena, a resident of New York.  (Pena testified at trial as to his lawful status in the United States).  Rather, De La Cruz contends that the Alberto Pena persona he assumed was a fictional composite that, while sharing features in common with the true Alberto Pena, when taken as a whole was not capable of identifying their actual source.[1]  *See United Sates v. Savarese*, 686 F.3d 1, 7 (1st Cir. 2012).  Second, with respect to the theft of public money (unemployment benefits), De La Cruz argues that the evidence was insufficient to show the requisite intent to steal.  More specifically, De La Cruz contends that he was acting at his employer's direction in applying for benefits and, that had he intended to steal, he would have maximized his gain by not electing to have income taxes withheld from the payments.

The standard to apply in assessing a Rule 29 motion is one of longstanding familiarity.

> In determining whether particular evidence is sufficient to ground a conviction, we take the facts and all reasonable inferences therefrom in the light most agreeable to the jury's verdict.  If, on that view, the prosecution has adduced sufficient evidence of the essential elements of the crime such that a rational jury could find the defendant guilty beyond a reasonable doubt, the insufficiency challenge fails.

---

[1] Defendant concedes that he used Alberto Pena's true name and correct date of birth, but in most (official) instances with "a different address, a different employer, and, most importantly, a different social security number . . . ." Def.'s Mot. at 3.

*United States v. Walker*, 665 F.3d 212, 224 (1st Cir. 2011) (citations omitted).

*See also United States v. Perez-Melendez*, 599 F.3d 31, 40 (1st Cir. 2010) ("[D]efendants challenging convictions for insufficiency of evidence face an uphill battle on appeal.") (citation omitted).

De La Cruz's first argument fails on a plain reading of the statute. It defines a "means of identification" to include "any name or number that may be used, alone or in conjunction with other information, to identify a specific individual . . . ." 18 U.S.C. § 1028(d)(7)(A). While it would seem true that the name Alberto Pena, by itself, could refer to any number of Hispanic men who bear the same name, when combined with the true Alberto Pena's date of birth, the universe of possibilities is considerably narrowed. And any lingering doubt as to the association of the name with the true Alberto Pena's identity would have been dispelled by tracing the social security number used by De La Cruz to the original application for the number, in which De La Cruz listed the true Alberto Pena's alien registration number as his own (the application and Pena's alien registration number were in evidence for the jury to consider).[2]

---

[2] The statute by the use of the phrase "alone or in conjunction with other information" does not limit a "means of identification" to a single document or a single source, but by its own terms anticipates the cross referencing of identifying information. The cases cited by De La Cruz, *United States v. Kuc*, 737 F.3d 129 (1st Cir. 2013), and *United States v. Mitchell*, 518 F.3d 230 (4th

The second argument fares no better. That De La Cruz acted with his employer's blessing adds nothing to the equation given the absence of any evidence that his employer knew him to be anyone other than Alberto Pena. That he paid taxes on the benefits he received is as consistent with the desire to go undetected as it is any claim of blissful ignorance. Finally, in the indulgent light of Rule 29, De La Cruz's statements to Special Agent Rosen after his arrest admitting that he was drawing unemployment benefits and that he "100% knew it was a crime," and that "I didn't earn it," would have been sufficient in and of themselves to warrant the jury's finding of guilt.

ORDER

For the foregoing reasons, defendant's motion for judgment of acquittal is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

Cir. 2008), are inapposite. *Kuc* does not reach the issue presented here as the Court found that the two pieces of information used by the defendant in that case (a business associate's full name and that of his company) were sufficient by themselves to evoke the associate's identity. 737 F.3d at 134-135. In *Mitchell*, "there was no (valid) unique identifier on the false license that could be used by itself to identify [the real Marcus Jackson]" (Mitchell did not use a matching month and day of birth). 518 F.3d at 236.